This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                     **NO. 33,805**

**MARTIN E. MEDINA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jose R. Coronado
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him for criminal sexual penetration in the third degree (CSP III). Unpersuaded that

Defendant's docketing statement demonstrated error in the district court, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and an amended docketing statement. There is no need to amend the docketing statement in this case because the amended docketing statement seeks not to add an issue, but to add certain information missing from the original docketing statement. Thus, rather than permitting amendment of the docketing statement, we have considered these documents in concert to comprise the memorandum in opposition. *See* Rule 12-210(D)(3) NMRA (indicating that a memorandum in response to our summary calendar notice is limited to the issues raised in the docketing statement, and this Court may permit amendment to the docketing statement to add issues, for good cause shown). Having considered Defendant's responses to our notice, we remain unpersuaded that he has demonstrated error. Thus, we affirm.

{2}    Although Defendant's responses have provided additional information regarding Issues I and III, [Amended DS 2-6; MIO 4] Defendant's memorandum in opposition states that it will not address our proposed disposition of Issue I, his challenge to the sufficiency of the evidence, [MIO 2] and will not address our proposed disposition of Issue III, [MIO 4] regarding the district court's ruling prohibiting defense counsel from "mentioning Ms. Tapia's female partner's name . . .

or from mentioning that Ms. Tapia was involved in a romantic relationship with the young lady." [DS 7] The failure to respond to our proposed disposition of an issue constitutes an abandonment of that issue on appeal. When a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of that issue. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306. Thus, we deem Defendant's Issues I and III to have been abandoned. We do not address them further, except to note that we remain persuaded that summary affirmance is appropriate based on the analysis in our notice.

{3}     Defendant's responses to our notice pursue only Issue II: whether the district court erred by overruling defense counsel's request to invoke the rule requiring witnesses to be absent during trial testimony and by permitting the victim and her attorney to be present in the courtroom throughout the trial. [Amended DS 6; MIO 2-4] In response to our analysis of this issue, Defendant states that trial counsel retracted previous defense counsel's stipulation to the victim's presence throughout the trial and re-invoked the rule of exclusion for the victim. [MIO 3] As grounds for the motion to exclude the victim, defense counsel referred to "the extreme prejudice to his client, the resulting fundamental error of allowing the victim to be present throughout the trial, and the ability of the victim to structure her testimony to avoid impeachment." [MIO 3]

3

{4}      We are not persuaded that Defendant has demonstrated that the district court erred by granting the victim's presence throughout trial. The New Mexico Constitution was amended in 1992 to recognize victims' rights, including "the right to attend all public court proceedings the accused has the right to attend[.]" N.M. Const., art. II § 24(A)(5); *see* NMSA 1978, § 31-26-4(E) (1999) (stating that the "victim shall have the right to . . . attend all public court proceedings the accused has the right to attend"). Rule 11-615 NMRA, the rule of exclusion upon which Defendant relies, by its own terms "does not authorize excluding . . . a person authorized by law to be present." Rule 11-615(D). The victim in the current case is entitled to the protections and rights under the New Mexico Constitution and the Victims of Crime Act because she is the victim of a criminal offense listed under NMSA 1978, § 31-26-3(B)(11) (2003). *See* NMSA 1978, § 31-26-2(D) (1994) (stating that the purpose of the Victims of Crime Act is "to assure that . . . the provisions of Article 2, Section 24 of the Constitution of New Mexico are implemented in statute"). Even presuming a Defendant's due process rights may prevail over the Victims' Rights Amendment and the Victims of Crimes Act, Defendant must prove, not simply assert, that the presence of the victim at trial has actually harmed Defendant. *See, e.g.*, *State v. Guerra*, 2012-NMSC-027, ¶ 30, 284 P.3d 1076 (recognizing that in the absence of demonstrating harm done by alleged errors, there is no due process violation); *In re Ernesto M.*,

1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{5}     In the current case, Defendant does not claim that he was denied the opportunity to cross-examine the victim about her testimony and any inconsistencies between her pretrial statements and trial testimony that may have resulted from her presence in the courtroom throughout trial. Nor does Defendant indicate that there were any inconsistencies between her pretrial statements and trial testimony, let alone any inconsistencies that would bear upon his guilt or innocence. Nor does Defendant indicate that the victim's presence throughout trial interfered with any of Defendant's constitutional rights. In addition, given the victim's version of events—that she went to sleep drunk after her birthday party and woke up to find Defendant penetrating her from behind without her consent [DS 4-5]—a version that seems to have remained constant from their inception, we fail to see how her trial testimony was influenced by other witnesses' testimony.

{6}     Without a showing of harm, we are not persuaded that the district court's ruling, permitting the victim's presence in the courtroom throughout trial, should be reversed. For the reasons stated in this Opinion and in our notice, we affirm the district court's judgment and sentence.

{7}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**